Darryl WILLIAMS, et al.,
Plaintiffs, Appellants,

v.

The CITY OF BOSTON, et al.,
Defendants, Appellees.

No. 85–1016.

United States Court of Appeals,
First Circuit.

Argued Sept. 9, 1985.

Decided Feb. 25, 1986.

Edward J. Barshak with whom Natasha C. Lisman and Sugarman, Rogers, Barshak & Cohen, P.C., Boston, Mass., were on brief for plaintiffs, appellants.

Steven P. Perlmutter, Asst. Corp. Counsel, Boston, Mass., for City of Boston, and White, Jordan, O'Bryant, Alioto, Finnigan, McDonough, Tierney, Wood, Spratting, Murphy, Kelly, and Ridlon.

Roberta Thomas Brown, Asst. Atty. Gen., with whom Francis X. Bellotti, Atty. Gen., and Barbara A.H. Smith, Asst. Atty. Gen., Boston, Mass., were on brief for Daniel C. Mullane and Newman Flanagan.

Marjorie Heins, Massachusetts Civil Liberties Union Foundation, Jeffrey Feuer, Boston, Mass., on brief for The Civil Liberties Union of Massachusetts, and Aviam Soifer and Jack Beerman, Boston University School of Law, amicus curiae.

Mark A. Michelson, Jonathan Chiel, W. Brewster Lee, III, and Choate, Hall & Stewart, Boston, Mass., on brief for City-wide Parent Council, amicus curiae.

Before COFFIN and BREYER, Circuit Judges, WISDOM,[*] Senior Circuit Judge.

WISDOM, Senior Circuit Judge.

In this case we determine whether the City of Boston and some of its highest officials are liable under 42 U.S.C. § 1983[1]

---

[*] Of the Fifth Circuit, sitting by designation.

1. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of

for the tragic shooting of a young black student while he participated in an interscholastic football game at Charlestown High School in 1979. Darryl Williams was shot, allegedly by "unknown white persons," and paralyzed for life. He and his family[2] filed suit alleging that the defendants negligently failed to protect Williams from racial violence at the game when they "knew or should have known that holding an interracial athletic event in Charlestown would pose a grave peril to the safety of black persons in attendance, including the peril of violent attacks such as that committed on Darryl Williams." They then covered up the fact that the shooting was racially motivated. Williams contends that the City's negligence amounted to a deprivation of liberty without due process of law. His family asserts that the City negligently deprived them of a right to familial association protected by the Fourteenth Amendment. The plaintiffs also maintain that the alleged cover-up by the defendants violated their due process rights. The district court, 599 F.Supp. 363, dismissed the complaint for failure to state a claim upon which relief could be granted.

We sympathize with Darryl Williams and his family. Unfortunately for them, the Constitution and concerns of federalism compel our decision that the plaintiffs have failed to state a claim for relief. *See Daniels v. Williams,* —— U.S. ——, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* —— U.S. ——, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). The order of the district court dismissing their complaint is affirmed.

### I.

In September 1979, Darryl Williams was a student at Jamaica Plain High School in Boston and a member of the school's football team. On September 28th, he participated in a game against Charlestown High

School at that school's athletic field. During the game he was shot in the neck and permanently paralyzed. The plaintiffs filed this suit three years later.

The plaintiffs' complaint, which has been amended twice, states that Williams was shot by "certain white persons acting pursuant to a prior agreement to commit armed assault on the Black players participating in the game." The complaint further alleges that the area surrounding the Charlestown High School athletic field "was an all-white neighborhood characterized by frequent acts of racial hostility and violence against Blacks."

The plaintiffs make two basic contentions. The first is that the City of Boston, through its officers, failed to establish effective security procedures for the protection of black students at "interracial school events in racially hostile and violent white neighborhoods." This failure is alleged to have been a "custom and practice" of the City. The named defendants are the City, the Mayor, the Police Commissioner, the School Committee, the Superintendent of Schools, the Director of School Safety, and the Principals of Jamaica Plain and Charlestown High Schools. Two unnamed persons who allegedly organized the game at which Williams was shot are also defendants. The essence of the claim against the defendants is that they acted negligently. The plaintiffs use terms traditionally associated in tort law with negligence. They state in the complaint that the defendants "knew or should have known" that holding an interracial football game at Charlestown High School "posed a grave peril to the safety of the Black participants." Furthermore, the plaintiffs, in their brief submitted to this Court, characterized the defendants' actions as "a negligent failure to discharge a duty to protect a student from a foreseeable peril to his safety." There is no allegation in the com-

any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an

action at law, suit in equity, or other proper proceeding of redress.

2. Darryl Williams' mother, stepfather, and sister are plaintiffs in this suit.

plaint that the defendants acted intentionally or with gross negligence amounting to callous indifference or reckless disregard of their duties. Indeed, the plaintiffs fail to point out what measures the defendants should have taken to render adequate security to prevent a black football player from being shot by a spectator.

Darryl Williams contends that the defendants' negligence deprived him of liberty without due process of law. His family maintains that the defendants negligently deprived them of their right to associate with Williams in violation of the Fourteenth Amendment. Neither Williams nor his family alleges an equal protection violation.

The plaintiffs' second claim for relief is based on the allegation that the defendants covered up the fact that the shooting was racially motivated. The named defendants are the City, the Mayor, the Police Commissioner, the Suffolk County District Attorney, an assistant district attorney, and a Boston Police Department detective. Darryl Williams asserts that the defendants' cover-up deprived him of liberty without due process of law and that the defendants are also liable to him for intentionally inflicting emotional distress. His family seeks recovery from the defendants for their emotional distress. They further allege that the cover-up deprived them of the companionship of Williams in violation of the Fourteenth Amendment.

The district court dismissed the fourteenth amendment contention for failure to state a claim for relief. The court dismissed the plaintiffs' inadequate protection claim on the grounds, *inter alia*, that section 1983 does not create liability based on the common law negligence of state officials. The court dismissed the claims predicated on the cover-up because the plaintiffs failed to allege that the defendants deprived them of any federal right.

## II.

In reviewing the dismissal of the plaintiffs' complaint, of course, we must accept as true all material allegations made by them. *O'Brien v. DiGrazia*, 544 F.2d 543, 545 (1st Cir.1976), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977). The complaint should not be dismissed "unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

To state a claim for relief under section 1983, the plaintiffs must allege (1) that the defendants acted "under color of state law" and (2) that the defendants deprived them of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). The statute provides only a means to redress violations of rights secured by federal law. In *Parratt v. Taylor*, the Supreme Court re-examined the language, legislative history, and prior interpretations of section 1983 and concluded that section 1983 contains no state-of-mind requirement. 451 U.S. at 534–38, 101 S.Ct. at 1912–14. "But in any given § 1983 suit the plaintiff must still prove a violation of the underlying constitutional right; and depending on the right, merely negligent conduct may not be enough to state a claim." *Daniels v. Williams*, —— U.S. ——, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986).[3]

No one disputes that the defendants acted under color of state law; therefore, the first requirement of section 1983 is satisfied. The second requirement of the statute, however, is an insuperable barrier for the plaintiffs. They have not alleged facts sufficient to support a finding that the defendants deprived them of liberty without due process of law.

---

**3.** The Supreme Court cited with approval *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) for the proposition that "deliberate indifference" to a prisoner's serious illness constituted cruel and unusual punishment under the Eight Amendment. *Daniels*, —— U.S. at ——, 106 S.Ct. at 664.

## A. *Failure to Protect*

1. *Due Process.* The plaintiffs' first claim, based on the defendants' failure to provide adequate security, is defective on its face. The Supreme Court has recently held that the "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss or injury to life, liberty, or property". *Daniels v. Williams,* —— U.S. ——, 106 S.Ct. 662, 664–65, 88 L.Ed.2d 662 (1986).[4] In a companion case, *Davidson v. Cannon,* —— U.S. ——, 106 S.Ct. 668, 669, 88 L.Ed.2d 677 (1986), the Supreme Court stated that "lack of due care simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent". A contrary disposition of the plaintiffs' claim would "trivialize" the Fourteenth Amendment by making every negligent act by a state officer that caused physical injury a constitutional violation. The Supreme Court has rejected reasoning that "would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the State". *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976).

■ Significant omissions from the complaint confirm that the plaintiffs allege nothing more than simple negligence. They do not allege that the defendants had knowledge of the impending attack; nor do they allege that there had been racial violence at previous school athletic events in Charlestown. Moreover, they do not assert that the defendants provided no security at the game. Their grievance is that the City provided inadequate security.

In short, allegations of common law negligence, without more, do not state a claim for deprivation of liberty without due process of law. The claims against the City, its supervisory officials, and the two unnamed defendants alleged to have been directly responsible for security at the game must be dismissed on this ground.

■ 2. *Section 1983.* Not only are the allegations in the plaintiffs' complaint insufficient to state a due process violation, the claims against most of the defendants fail to meet the requirements of section 1983. The named defendants are described in the complaint as "policy-making and supervisory official[s] of the City." They are not alleged to have been directly responsible for security at the Charlestown High School athletic field. The allegation against them is that they negligently established a custom or policy of providing inadequate security at interracial school events. In *Voutour v. Vitale,* 761 F.2d 812 (1st Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 879, 88 L.Ed.2d —— (U.S.1986), this Court held that a section 1983 claim against supervisory officials and a municipality based on a custom or policy of inadequate police training "requires, at the very least, proof of gross negligence." 761 F.2d at 820; *see also Clark v. Taylor,* 710 F.2d 4, 9 (1st Cir.1983). The Court based its ruling on the requirement established by the Supreme Court in *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) that "official policy must be 'the moving force of the constitutional violation.'" 761 F.2d at 820 (quoting *Monell,* 436 U.S. at 694, 98 S.Ct. at 2038). Other courts have required an allegation and proof of at least gross negligence or deliberate indifference by supervisory officials to satisfy section 1983. *Estate of Bailey v. County of York,* 768 F.2d 503, 508 (3d Cir.1985); *Doe v. New York City Department of Social Services,* 709 F.2d 782, 789–90 (2nd Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983).

To state a claim against the City and its supervisory officials, Darryl Williams and his family must allege, at least, that the defendants were grossly negligent to the

---

**4.** The Supreme Court, agreeing with Justice Powell's special opinion in *Parratt* that "a negligent act" could not work a "deprivation in the *constitutional sense*", 451 U.S. at 548, 101 S.Ct. at 1919, overruled *Parratt* "to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty or property under the Fourteenth Amendment". *Daniels,* —— U.S. at ——, 106 S.Ct. at 665.

point of recklessness or deliberate indifference in failing to establish a custom or policy of adequate security at school events. The plaintiffs have been given three opportunities to make this allegation, but have failed to do so. Their claim must be dismissed.

### B. *Cover-Up*

The plaintiffs allege that the City, the Mayor, the Police Commissioner, the Suffolk County District Attorney, an assistant district attorney, and a Boston Police Department detective covered up the facts of the shooting. The defendants allegedly made false statements "to Darryl Williams, members of his immediate family, the public, the media, and the courts, designed to cover-up the racial nature of the shooting and the responsibility of the City of Boston and its officers, employees and agents for its occurrence." The plaintiffs argue that the cover-up deprived them of liberty without due process of law. They further contend that the defendants' actions were an intentional infliction of emotional distress.

The plaintiffs' claims are defective. They fail to allege that they were deprived of a constitutionally protected liberty interest. The plaintiffs had no right to have the defendants disclose to them, or to the public, the details of the shooting. *See Cloutier v. Town of Epping,* 714 F.2d 1184, 1190 (1st Cir.1983). Furthermore, a constitutional right to be free from emotional distress has never been articulated by the Supreme Court. Williams's family argues that it was denied its constitutional right to associate with Williams. Even if this were a protected liberty interest, a question we do not reach, we fail to understand how the alleged cover-up affected the family's association with Williams.

The·plaintiffs do not allege in their complaint that they were denied access to the courts as a result of the alleged cover-up and they did not raise this issue before the district court. They now make this argument on appeal. An official cover-up may violate section 1983 if it deprives the plaintiff of his right of access to the courts.

*See Bell v. City of Milwaukee,* 746 F.2d 1205, 1264 (7th Cir.1984). The rule is well established that generally issues not raised before the trial court cannot be raised for the first time on appeal. *See Johnston v. Holiday Inns, Inc.,* 595 F.2d 890, 894 (1st Cir.1979). We see no reason to avoid this rule in the present case, especially since the plaintiffs had three opportunities to plead this claim and offer no excuse for their failure to do so. Their suit must be dismissed.

### III.

The plaintiffs have not pleaded claims that can be redressed in a federal court. The order of the district court dismissing the plaintiffs' complaint is ˉAFFIRMED.