Nestor Luis Merced VELAZQUEZ and Maria Luisa Calderon Velazquez, and the legal society composed by them as husband and wife, in their own behalf and on behalf of their minor children Nestor Luis Merced Nieves, Nesmarie Merced Calderon, and Nestor Luis Merced Calderon, Plaintiffs,

v.

The COMMONWEALTH OF PUERTO RICO; the Governor of the Commonwealth of Puerto Rico, individually and in his official capacity as Governor of the Commonwealth of Puerto Rico; Superintendent of the Police Department, individually and in his official capacity as Superintendent of the Police Department of the Commonwealth of Puerto Rico; Elias Roche Santos, Badge No. 5014; Sergeant Jose Luis Cruz Rodriguez, Badge No. 8–4240, and John Doe and Richard Roe, individually and as agents of the Police Department of the Commonwealth of Puerto Rico, Defendants.

Civ. No. 85–0260 (JAF).

United States District Court, D. Puerto Rico.

Sept. 29, 1986.

## MEMORANDUM OPINION AND ORDER

FUSTE, District Judge.

Before us is a 42 U.S.C. sec. 1983 complaint filed on January 25, 1985 for damages against José Cruz Rodríguez, Elías Santos, and other unknown police officers, as a result of an alleged civil rights violation. Jurisdiction has been invoked under 28 U.S.C. sec. 1343. After ample opportunity for discovery, this court held, on September 19, 1986, a final pretrial conference. The plaintiff conceded that the following is what occurred:

On January 27, 1984 while co-plaintiff Néstor Luis Merced Velázquez ... was sitting in the restaurant known as "Restaurant La Sopa" of (sic) Caguas, Puerto Rico, co-defendant, Elías Roche Santos, *negligently* and without provocation and acting under color of law in that he was a uniformed policeman shot him in the left leg thereby fracturing the left femur (emphasis ours). Para. 10, Complaint.

On that occasion, we noted probable lack of subject matter jurisdiction, 28 U.S.C. sec. 1343(a)(3), for failure to state a cognizable constitutional claim. Today, we so hold.

Section 1983 affords relief for a violation of a right "secured by the Constitution and laws" of the United States. This statute was not intended to supersede civil or common law tort remedies. Mere negligent conduct by a state officer, actionable under state law, is insufficient to sustain a 42 U.S.C. sec. 1983 claim. *Daniels v. Williams,* —— U.S. ——, ——, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* —— U.S. ——, 106 S.Ct. 668, 671, 88 L.Ed.2d 677 (1986).

In *Williams v. City of Boston,* 784 F.2d 430 (1st Cir.1986), a black student was shot and paralyzed by white attackers while participating in an athletic event at a public high school. His family then brought a section 1983 suit alleging that the City of Boston had been negligent in failing to protect Williams from racial violence. The argument was that the city's negligence amounted to a deprivation of liberty without due process. The First Circuit rejected plaintiffs' claims. The court reasoned that ordinary negligence is not enough to sustain a section 1983 cause of action. As distinguished from *Fernández v. Leonard,* 784 F.2d 1209 (1st Cir.1986), there were no allegations that the officers had acted intentionally, recklessly or with gross negligence. *See also Thompson v. Olson, et al.,* 798 F.2d 552, 558–59 (1st Cir.1986).

We find *Williams v. City of Boston* controlling here. Accepting as true all of the material allegations in the complaint, paragraph ten states nothing more than mere negligence. There is no suggestion that the shooting was intentional. As a matter of fact, we are told that plaintiffs' theory and/or proof would be simply what appears pleaded in the complaint. Six months of discovery have failed to produce any evidence to characterize the police conduct as a "shock to the conscience." *Cf. Fernández,* 784 F.2d at 1214. We are convinced that plaintiff's claim lacks the sufficient *prima facie* merit to warrant the use of court time and expense related to a trial. *Palmigiano v. Mullen,* 491 F.2d 978, 980 (1st Cir.1974). While plaintiff may have a remedy under the Puerto Rico Civil Code

(1930), 31 L.P.R.A. sec. 5141, section 1983 is unavailing.

The complaint is hereby DISMISSED on the court's motion for failure to state a cognizable claim under 42 U.S.C. sec. 1983, all under 28 U.S.C. sec. 1343.

IT IS SO ORDERED.