**Pamela FILLION, Plaintiff,**

v.

**HOULTON BAND OF MALISEET INDIANS, et al., Defendants.**

No. Civ. 99–23–B.

United States District Court,
D. Maine.

June 16, 1999.

Robert M. Morris, Carton, Davis & Morris, Brunswick, ME, for plaintiff.

Gregory P. Dorr, Farrell, Rosenblatt & Russell, Bangor, ME, for defendant Maliseet Indians.

Michael Duddy, Kelly, Remmel & Zimmerman, Portland, ME, for defendant Sabattis.

## ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

Plaintiff Pamela Fillion ("Plaintiff") has brought suit against Defendants Houlton Band of Maliseet Indians ("the Band") and Clair Sabattis ("Sabattis"), former tribal chief of the Band, claiming that Defendants terminated her because of her race, color, sex, and protected conduct. Plaintiff contends that the Band violated 42 U.S.C. § 1983 (Count I) and the Maine Human Rights Act, Me.Rev.Stat.Ann tit. 5, §§ 4551–4632 (Count II), and breached both her employment contract (Count III) and a settlement contract (Count IV). Plaintiff also asserts that Sabattis defamed her (Count V) and tortiously interfered with a contractual relationship (Count VI). Before the Court is the Band's Motion to Dismiss for failure to state a claim, Plaintiff's Motion to Amend the Complaint and Motion for Leave to File a Second Amended Complaint, and the Band's Motion to Strike the Affidavit of Fillion. For the reasons discussed below, the Band's Motion to Dismiss is GRANTED, Plaintiff's Motion to Amend the Complaint is DENIED, Plaintiff's Motion for Leave to File a Second Amended Complaint is DENIED, and the Band's Motion to Strike the Affidavit of Fillion is DENIED.

## I. BACKGROUND

When confronted with a Motion to Dismiss for failure to state a claim, the Court views all of Plaintiff's factual averments as true and indulges every reasonable inference in Plaintiff's favor. *See Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

Plaintiff, who is white and is not a member of the Band, was hired by the Band in 1989 as a Health Director. Throughout her employment, she received superlative performance evaluations. In September 1996, Plaintiff spoke with Sabattis, the tribal chief at that time, about complaints of sexual discrimination and harassment. Sabattis terminated Plaintiff within a week of this conversation.

Plaintiff appealed her termination to the Tribal Council. During the pendency of the appeal, Plaintiff and the Band, both of whom were represented by counsel, executed a settlement agreement according to which she was to be reinstated with back pay and full benefits. Plaintiff returned to her position pursuant to this agreement.

On January 27, 1997, Plaintiff was fired again.[1] She did not appeal this action. While Defendants cited misappropriation of funds as the reason for her termination, Plaintiff asserts that she was fired because of her race, sex, and role in the discovery and disclosure of illegal fiscal practices by the Band.

Plaintiff filed a six-Count Complaint in this court on January 25, 1999.[2] In it, she contends that the Band violated 42 U.S.C. § 1983 ("Section 1983") (Count I) and the Maine Human Rights Act ("the MHRA"), Me.Rev.Stat.Ann tit. 5, §§ 4551–4632 (Count II), and breached both her employment contract (Count III) and a settlement contract (Count IV). She additionally claims that Sabattis defamed her (Count V) and tortiously interfered with a contractual relationship (Count VI). Plaintiff seeks back pay, front pay, compensatory damages, civil penal damages, attorney's fees, interest, and costs.

The Band moved to dismiss Count I of Plaintiff's Complaint for failure to state a claim. Plaintiff's Objection to the Motion

---

1. On the same day, Sabattis also terminated Plaintiff's supervisor, Kelli Shannon. That action gave rise to a companion case, *Shannon v. Houlton Band of Maliseet Indians*, 54 F.Supp.2d 35 (D.Me.1999).

2. Counts I–IV are against the Band only. Counts V and VI are against Sabattis only.

to Dismiss is accompanied by an affidavit that the Band has since moved to strike. Plaintiff moved to Amend the Complaint, and before resolution of that Motion, she moved for leave to file a second Amended Complaint. All four of these Motions are pending.[3]

## II. DISCUSSION

In its Motion to Dismiss, the Band argues that Count I fails to state a claim upon which relief can be granted because Plaintiff has not alleged and cannot demonstrate either that her discharge was executed under color of state law or that the Band is a state actor. However, in her Motion to Amend the Complaint, Plaintiff notes that Count I of her Complaint is deficient for a different reason: she has failed to allege a deprivation of rights secured by federal law or the United States Constitution, which is a prerequisite to bringing suit under Section 1983.[4] (Pl.'s Mot.Am.Compl. at 2–3.) To remedy this circumstance, she has moved to amend her Complaint to add a cause of action under the Indian Civil Rights Act ("ICRA"), 25 U.S.C. §§ 1301–03, and has further moved for Leave to File a Second Amended Complaint to add a cause of action under Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e. Under these circumstances, the Court first will address Plaintiff's Motion to Amend the Complaint and Motion for Leave to File a Second Amended Complaint, and then will consider the Band's Motion to Dismiss. Many of the issues raised in this case parallel those resolved by the Court in *Shannon v. Houlton Band of Maliseet Indians*, 54 F.Supp.2d 35 (D.Me.1999). As a result, where appropriate, the Court dispenses

with what would otherwise constitute redundant analysis.

## A. Motion to Amend the Complaint and Motion for Leave to file a Second Amended Complaint

### 1. Applicable Standard

█ While Plaintiff urges the Court to apply the Federal Rule of Civil Procedure 15(a) "where justice so requires" standard to these Motions, the Band claims that she must demonstrate "good cause" for an amendment because she failed to file her Motions by the deadline designated in the Court's Scheduling Order. In the end, however, the two Motions to Amend are resolved by application of a completely different standard: a motion to amend will be denied as futile where the proposed amendments would not survive a motion to dismiss. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir.1996). Here, the two proposed claims would not survive a motion to dismiss.

### 2. Motion to Amend the Complaint— ICRA

█ Plaintiff asserts that the Band violated the ICRA's guarantee of due process and equal protection when it fired her. Aware that *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978), bars federal court jurisdiction over ICRA claims with one exception not applicable here, Plaintiff contends that she falls under an arguable exception to *Santa Clara*'s broad rule, one recognized by the Tenth Circuit in *Dry Creek Lodge, Inc. v. Arapahoe and Shoshone Tribes*, 623 F.2d 682 (10th Cir.1980). As

---

**3.** Sabattis has joined in the Band's Response to Plaintiff's Motion to Amend the Complaint and in the Band's Motion to Strike Affidavit of Fillion.

**4.** Count I asserts that the Band "deprived Plaintiff of her rights, privileges, and immunities guaranteed to her as a citizen of the United States, in violation of 42 U.S.C. [Section] 1983." (Pl.'s Compl. ¶ 15.) To the extent this Count alleges a violation of the rights

guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution, Plaintiff concedes that such a claim cannot stand against an Indian tribe. *See Talton v. Mayes*, 163 U.S. 376, 16 S.Ct. 986, 41 L.Ed. 196 (1896) (Fifth Amendment); *Barta v. Oglala Sioux Tribe*, 259 F.2d 553 (8th Cir.1958), *cert. denied*, 358 U.S. 932, 79 S.Ct. 320, 3 L.Ed.2d 304 (1959) (Fourteenth Amendment).

these two cases are thoroughly discussed in *Shannon,* the Court will not restate that background here.

Assuming that the First Circuit would adopt the *Dry Creek* exception, Plaintiff must demonstrate three things: (i) that the claim involves a non-Indian party, (ii) that the dispute involves an issue not implicating internal tribal affairs, and (iii) that she does not have access to a tribal forum for adjudication of ICRA claims. *See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary,* 163 F.3d 1150, 1158–59 (10th Cir.1998). In her Motion to Amend, Plaintiff asserts that her case does not involve an internal dispute between Indians, that the dispute does not involve an issue fundamental to tribal existence, and that the Band denied her access to the forum available for adjudication of ICRA claims.

■ The Band responds that a tribal forum was available in the form of the Tribal Council but Plaintiff failed to file a timely complaint with that body.[5] Plaintiff does not dispute this assertion. Rather, she merely reminds the Court that upon being fired a first time in September 1996, she appealed the decision to the Tribal Council and was reinstated as a result of that proceeding, but then was terminated again. Plaintiff's obvious suggestion is that appealing her second termination to the Tribal Council would have been futile. As discussed in *Shannon,* however, a plaintiff "must have actually sought a tribal remedy, not merely have alleged its futility." *White v. Pueblo of San Juan,* 728 F.2d 1307, 1312 (10th Cir.1984) ("This is not merely a requirement that the exhaustion of tribal remedies is a prerequisite to federal jurisdiction, but instead, that tribal remedies, if existent, are exclusive."). Plaintiff admits that she did not turn to the Tribal Council for relief after her second termination. Under these cir-cumstances, she cannot satisfy *Dry Creek*'s prerequisite that no tribal forum for adjudication of ICRA claims is available, and her ICRA claim would not survive a motion to dismiss.

### 3. Motion for Leave to File a Second Amended Complaint—Title VII

■ For the reasons explained in *Shannon,* the Band is exempt from Title VII and Plaintiff's Motion to Amend to add a Title VII claim would not survive a motion to dismiss.

### 4. Conclusion

As the Court has concluded that neither Plaintiff's proposed ICRA claim nor her proposed Title VII claim would survive a motion to dismiss, Plaintiff's Motion to Amend the Complaint and Motion for Leave to File a Second Amended Complaint are denied as futile.

### C. The Band's Motion to Dismiss

### 1. Count I

■ The Court may grant a Motion to Dismiss "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990). Although the Band's Motion to Dismiss is premised on the theory that it is not a state actor for purposes of Section 1983, in her Motion to Amend the Complaint, Plaintiff has acknowledged what amounts to an alternative basis for dismissal: her failure to link Count I (the Section 1983 claim) to an alleged violation of the Constitution or of federal law. Plaintiff's attempt to remedy this omission was unavailing, and the Court cannot ignore this glaring deficiency in the sole federal claim remaining in the Complaint. As a plaintiff may only recover under Section 1983 where an indepen-

---

**5.** Plaintiff points out that the Band does not have a Tribal Court in place. This circumstance is not relevant, however, since *Santa Clara* indicated that tribal courts are not the only tribal fora that may be appropriate adjudicatory bodies. *See Santa Clara,* 436 U.S. at 65–66, 98 S.Ct. 1670.

**54**

dent source of federal or constitutional rights is implicated, *see Williams v. City of Boston*, 784 F.2d 430, 433 (1st Cir.1986), Count I fails to state a claim and is dismissed.

### 2. Counts II–VI

Plaintiff's remaining claims are grounded in state law. Because the Court has dismissed the one claim over which it had original jurisdiction, the Court dismisses without prejudice these supplemental state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Astrowsky v. First Portland Mortgage Corp., Inc.*, 887 F.Supp. 332, 337 (D.Me.1995). These issues are more appropriately resolved in state court.

### D. The Band's Motion to Strike the Affidavit of Fillion

Plaintiff's Response to the Band's Motion to Dismiss was accompanied by an affidavit attributed to Plaintiff and directed at the issue of whether the Band acted "under color of state law." The Band objects to the affidavit on a number of grounds. Since the Court has disposed of the Band's Motion to Dismiss without considering this affidavit, however, this Motion to Strike is denied as moot.

### III. CONCLUSION

For the reasons discussed above, the Band's Motion to Dismiss Count I is GRANTED, Plaintiff's Motion to Amend the Complaint is DENIED, Plaintiff's Motion for Leave to File a Second Amended Complaint is DENIED, and Defendant's Motion to Strike Affidavit of Fillion is DENIED. The Court further dismisses Counts II–VI.

*SO ORDERED.*