Anthony **BURNS** et al., Plaintiffs,

v.

**John E. POTTER, Defendant.**

No. 03–40006–NMG.

United States District Court,
D. Massachusetts.

Jan. 20, 2004.

14

Chester V. Shea, III, Worcester, MA, for Plaintiffs.

Gina Y. Walcott–Tores, U.S. Attorney Office, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

Pending before the Court is a claim of sex discrimination, creation of a hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, violation of the United States Privacy Act and defamation. The claim is brought by the plaintiffs, Robert Burns, Ronald Jablanski, Enzo Hollenbeck, James Spillane, Kenneth Fairbrother, John Hayden, Richard Short, Richard Shikara, Paul Feely Jr. and John Hall, all employees at the United States Post Office in Worcester, Massachusetts, against the defendant, John E. Potter ("Potter"), United States Postmaster General. Potter has filed a motion to dismiss the plaintiffs' claim pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

### I. *Background*

Because the defendant filed the instant motion to dismiss, the facts are assumed as the plaintiffs allege them. In January, 2002, Thomas Gosler ("Gosler"), Postmaster of the Worcester Post Office ("the Post Office"), determined that a number of gift certificates for O'Connor's Restaurant in Worcester, meant to be used as employee performance bonuses, were missing from the Post Office. Gosler authorized an inquiry to be made at O'Connor's. After investigation he determined that some of the missing certificates had been used by a white female and a white male.

On January 24, 2002, Gosler and Customer Services Supervisor Roger White ("White") obtained the photo identifications of 12 male supervisors at the Post Office. Although they had information that a female had also been present when the certificates were used, they collected only photographs of male employees. White and Gosler copied those photographs and created the equivalent of a police "line-up", a collection of the 12 photos mounted for display with the names of the individuals printed underneath. White then visited O'Connor's and displayed the line-up to a number of restaurant employees, describing the individuals in the photographs as "suspected felons".

The 12 individuals portrayed in the line-up became known in the Worcester Post-Office as "the Dirty Dozen" and the plaintiffs, the ten members of that group who attempted to file a complaint with the Equal Employment Opportunity Commission ("EEOC"), were referred around the City as "the Worcester Ten" and "suspected felons." On July 15, 2002, the Worcester Telegram and Gazette, the largest newspaper in the region, published an article about the incident that included the names of the ten plaintiffs, thus reinforcing their reputation as suspected thieves.

Neither White nor Gosler is a law enforcement officer whose duties would include preparing line-ups of criminal suspects for identification purposes. At no time did any of the plaintiffs know about the line-up or give permission for their images to be used in its preparation. They were informed that the United States Postal Inspection Service did not ask for or prepare the line-up.

In May of 2002, Gosler was overheard to say that if the plaintiffs retained a lawyer, "they had better watch their P's and Q's." The following month, plaintiff Robert Burns filed a request for pre-complaint counseling with the EEOC. When White learned about the filing, he burst into Burns' office, screamed at him, waived a letter from Burns' attorney in his face and put him in continuing fear for his safety. All ten plaintiffs fear reprisal from White based on their legal action.

In response to Burns' filing, EEOC Specialist Hanson sent Burns' attorney ten copies of PS Form 2564-A, "Information for Pre-Complaint Counseling", requesting that each of the ten supervisors complete the form. While only Burns filled out the form, on July 19, 2002, his attorney filed an EEOC Complaint of Discrimination (PS Form 2565), requesting that an Administrative Law Judge ("ALJ") deem it to be a class complaint. On September 19, 2002, the ALJ dismissed the complaint for failure to satisfy the basic elements of a class complaint.

On October 4, 2002, the EEOC issued a Notice of Final Action dismissing the class complaint as well as Burns' individual complaint, pursuant to 29 C.F.R. § 1614.107, on the grounds that Burns did not suffer any unique or individual harm at the hand of his employer. On the same day, EEOC Compliance and Appeals Manager, Robert Hylen, wrote to Burns' attorney and informed him that the other nine plaintiffs in this action had 45 days to request EEOC counseling if they wished to initiate individual claims against the Postal Service. None of those plaintiffs requested pre-complaint counseling within the designated 45-day period.

In light of the foregoing, the plaintiffs have sued Potter on five counts. They argue that the plaintiffs were subject to 1) different terms, conditions and privileges of their employment due to their gender, 2) a hostile work environment and 3) acts of retaliation, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq (Counts I, II, and III). They also contend that the actions of White and Gosler, in publishing their private security identifications, constitute an unauthorized publication of private records in violation of the Privacy Act, 5 U.S.C. § 552a(a)(4) (Count IV). Finally, they allege that the actions of White and Gosler,

in publishing the line-up and accusing the plaintiffs of being felons, constitute defamation (Count V). The plaintiffs claim that they have suffered loss of income, future loss of income, attorneys' fees, emotional and mental distress, loss of employment opportunities and other damages. Each plaintiff seeks an award of $400,000 in damages as well as attorneys' fees.

On April 28, 2003, the defendant filed the motion to dismiss the plaintiffs' complaint pursuant Fed.R.Civ.P. 12(b)(1) and 12(b)(6). He argues that, as a result of plaintiffs' failure to exhaust their administrative remedies, failure adequately to allege justiciable claims and lack of subject matter jurisdiction, the complaint must be dismissed. Plaintiffs' opposition to the motion was filed on June 12, 2003.

## II. *Discussion*

██ A court may not dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Judge v. City of Lowell*, 160 F.3d 67, 72 (1st Cir.1998)(quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. *Nollet v. Justices of the Trial Court of Mass.*, 83 F.Supp.2d 204, 208 (D.Mass.2000) *aff'd*, 248 F.3d 1127 (1st Cir.2000). Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir.2000). If the facts in the complaint are sufficient to state a cause of action, a motion to

dismiss the complaint must be denied. *See Nollet*, 83 F.Supp.2d at 208.

◼ In considering a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the Court also assumes that all material allegations set forth in the complaint are true. *See Mulloy v. United States*, 884 F.Supp. 622, 626 (D.Mass.1995); *Williams v. City of Boston*, 784 F.2d 430, 433 (1st Cir.1986). The averments of the complaint, as well as their proper inferences, are construed in favor of the plaintiff and the claim will not be dismissed unless "it appears beyond doubt that the plaintiff can provide no set of facts in support of his claim which would entitle him to relief." *Williams*, 784 F.2d at 433; *Mulloy*, 884 F.Supp. at 626.

A. *Count I: Sex Discrimination in Violation of Title VII*

The plaintiffs allege that they were subjected to different terms, conditions and privileges of their employment due to their gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., (hereafter "Title VII"), because White and Gosler knew that a woman had been involved in the use of the stolen gift certificates but only used photographs of men in the line-up.

1. Subject Matter Jurisdiction

◼ The defendant claims that the Court has no jurisdiction over plaintiffs Jablanski, Hollenbeck, Spillane, Fairbrother, Hayden, Short, Shikara, Feely and Hall (hereafter "Jablanski et al.") with respect to Counts I, II and III because they failed to exhaust their administrative remedies. Title VII grants federal employees the right to sue the government for employment discrimination only after they have exhausted their administrative remedies. *Lebron–Rios v. United States Marshal Service*, 341 F.3d 7, 13 (1st Cir.2003).

While Jablanski et al. did not file individual requests for counseling, they assert that their ten signatures on the denied class complaint should be considered by the Court as ten individual complaints.

◼ The Code of Federal Regulations requires that all federal employees who believe they have been discriminated against in violation of Title VII must consult with an EEOC counselor prior to filing a complaint. 29 C.F.R. § 1614.407. Only a complainant who has filed an individual complaint or an agent who has filed a class complaint may file suit in United States District Court. *Id.* A federal employee's failure to contact an EEOC counselor within the required 45–day period causes him to forfeit his right to pursue a later *de novo* action in court. *Roman–Martinez v. Runyon*, 100 F.3d 213, 216 (1st Cir.1996); *West v. Gibson*, 527 U.S. 212, 219, 119 S.Ct. 1906, 144 L.Ed.2d 196 (1991).

◼ In the instant case, plaintiff Burns filed a petition for class certification of a complaint containing the signatures of all ten plaintiffs. When that class certification was denied, the EEOC ALJ considered the complaint before him as Burns' individual complaint. The remaining nine plaintiffs were specifically instructed by EEOC Compliance and Appeals Manager Hylen to file a request for EEOC counseling within 45 days if they wished to preserve their right to sue. Jablanski et al. did not do so nor did they file any formal complaints with the EEOC. Having failed to meet the "rigorous administrative exhaustion requirements", *West* at 219, 119 S.Ct. 1906 (quoting *Brown v. GSA*, 425 U.S. 820, 833, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976)), the Court will allow defendant's motion to dismiss Counts I, II and III of the complaint with respect to plaintiffs Jablanski et al.

## 2. Burns' failure to allege negative employment action

Because Burns was the only plaintiff to exhaust his administrative remedies with the EEOC, he is the only plaintiff over whom the Court has subject matter jurisdiction with regard to Counts I, II and III of the complaint. The defendant argues that the Court must dismiss Count I of the complaint with respect to Burns because the facts as he alleges them do not give rise to sex discrimination within the meaning of Title VII. Particularly, the defendant contends that Burns avers no adverse employment action.

■ Whether an employment action is "adverse" in order to be actionable under Title VII is determined by an objective standard. *Marrero v. Goya of Puerto Rico, Inc.* 304 F.3d 7, 24 (1st Cir.2002). In defining what constitutes an adverse action the First Circuit Court of Appeals has held that:

> [t]ypically, the employer must either 1) take something of consequence from the employee, say, by discharging or demoting her, reducing her salary, or divesting her of significant responsibilities, or 2) withhold from the employee an accoutrement of the employment responsibility, say, by failing to follow a customary practice of considering her for a promotion after a particular period of service.

*Blackie v. Maine,* 75 F.3d 716, 725 (1st Cir.1996) (internal citations omitted).

■ Burns claims in the plaintiffs' opposition to the motion to dismiss that he suffered harassment and ridicule from supervisors and other postal employees as a result of the line-up incident and that, after filing his request for EEOC counseling, he was threatened by White and put in fear for his physical safety. While such behavior, if it occurred, is boorish, it does not rise to the level of an adverse employment action. Burns does not allege in his complaint or his opposition any change in his job status that would amount to an adverse employment action. He may have been humiliated but that in itself is not actionable under Title VII. Defendant's motion to dismiss Count I of the complaint against Burns will, therefore, be allowed.

## B. *Count II: Hostile Work Environment in Violation of Title VII*

The plaintiffs claim that as a result of the line-up they were subjected to an antagonistic work environment which was severe and pervasive in its hostility. As discussed *supra,* Count II will be dismissed as to Jablanski et al. due to a lack of subject matter jurisdiction because those plaintiffs did not exhaust their administrative remedies with the EEOC. The defendant argues that Count II must also be dismissed with regard to the remaining plaintiff, Burns, because he has failed to demonstrate that the hostile work environment to which he was allegedly exposed was based on his membership in a protected class.

■ Title VII precludes discrimination "because of ... race, color, religion, sex, or national origin." 42 U.S.C. § 2000e2(a)(1). The "because of ... sex" requirement prohibits, among other things, sexual harassment, including same sex harassment. *Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). One kind of sexual harassment from which employees are protected is a hostile work environment, and that, too, is without regard to the gender of the harasser and harassee. *Id.* Both the United States Supreme Court and the First Circuit Court of Appeals have, however, made it clear that, in order to prevent the hostile work environment laws from becoming a "general civility

code", *Oncale*, at 80, 118 S.Ct. 998, such cases may be brought only when discrimination is clearly because of sex (or membership in some other protected class). *See, Oncale*, at 80, 118 S.Ct. 998; *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 258–259 (1st Cir.1999) (Employee who worked in a "wretchedly hostile environment" has no Title VII claim because discrimination was based on sexual orientation, not on his sex.).

In his complaint Burns contends that he was subjected to a hostile work environment "due to the unsubstantiated accusations made by Roger White and Thomas Gosler." *Complaint*, at 8. In plaintiffs' opposition to the motion to dismiss, Burns emphasizes that only photographs of male supervisors were shown. He does not, however, contend that the hostile work environment arose as a result of his gender but rather because his picture was in the line-up and that he was thus humiliated. In short, because Burns offers no facts in support of his contention that he was exposed to a hostile work environment as a result of his *sex*, the Court will allow defendant's motion to dismiss Count II of the complaint as to Burns.

C.  *Count III: Retaliation in Violation of Title VII*

In Count III of the complaint, the plaintiffs allege that they were engaged in protected activity when they complained about unlawful violations of the Privacy Act, harassment and discrimination in the workplace and were subsequently subjected to acts of retaliation, including:

> threats of physical harm, imposition of different terms and conditions of employment, being watched over on a regular basis by their employer, and being spied on and berated publically.

*Complaint*, at 9. Again, as described *supra*, plaintiffs Jablanski et al. are barred from making a claim for retaliation because the Court lacks subject matter jurisdiction over such claims due to the failure of those plaintiffs to exhaust their administrative remedies.

The defendant responds, as he did with respect to Count I of the complaint, that this Count must also be dismissed as to remaining plaintiff, Burns, because he failed to allege any negative employment action. That is not precisely accurate because, unlike in Count I, the plaintiffs do allege in Count III that they were subjected to the "imposition of different terms and conditions of their employment." That statement alone is not, however, enough to sustain a retaliation claim.

Burns has not alleged a single incident sufficient to constitute an adverse employment action even if the Court accepts, as it must, all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Langadinos*, 199 F.3d at 69 (1st Cir.2000). It is not enough for the plaintiff to assert that he has suffered the imposition of different terms and conditions of his employment. He must specify what those different terms and conditions were, and, because he has not done so, defendant's motion to dismiss Count III of the complaint with respect to plaintiff Burns will be allowed.

D.  *Count IV: Violation of the Privacy Act*

In Count IV of the complaint, the plaintiffs claim that when White and Gosler collected their photographic identifications, photocopied them and displayed the copies of the line-up, they made an unauthorized publication of private records in violation of the Privacy Act, 5 U.S.C. § 552a(a)(4).[1]

---

**1.** Although plaintiffs mistakenly refer to 5    U.S.C. § 552(b), it is clear from the context of

The defendant argues in his motion to dismiss that: 1) the Court lacks jurisdiction over this claim because Potter is an improper defendant and 2) even if Potter were the proper defendant, the claim must fail because plaintiffs' identification badges are not "records" contained in a "system of records."

■ The defendant is correct in his first assertion because 5 U.S.C. § 552a, the so-called Privacy Act, permits civil remedies against an *agency* that violates certain conditions of its employees' privacy but that remedy is restricted to one against the agency itself. *Id. See,* 5 U.S.C. § 552a(g); *Dittman v. California,* 191 F.3d 1020, 1026 (9th Cir.1999). The defendant's motion to dismiss plaintiffs' claim of a Privacy Act violation, will be allowed.

E. *Count V: Defamation*

Count V of the complaint contends that the acts of placing the plaintiffs' names and photographs in the line-up, showing the line-up inside and outside of the Post Office and referring to the plaintiffs as felons constitute defamation. Even interpreting the facts in the light most favorable to the plaintiffs, however, a defamation claim cannot be sustained against the defendant in this case.

■ Potter, the named defendant, cannot, under any interpretation of the facts, be held liable for defamation. He did not personally make or publish the statements at issue in this case and, therefore, did not defame the plaintiffs.[2] Furthermore, if the plaintiffs actually intended to sue the United States Post Office for defamation, as is implied by the language of the complaint, the claim still would nec-

essarily be dismissed. The Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671, governs which state tort claims may be brought against the federal government and government agencies, including the Postal Service. *Davric Maine Corporation v. United States Postal Service,* 238 F.3d 58, 64 (1st Cir.2001). The FTCA does not waive sovereign immunity for common law defamation claims and, as a result, the plaintiffs may not sue the Post Office for defamation. *Id.* The Court will allow the defendants motion to dismiss Count V on the complaint.

**ORDER**

For the reasons stated in the foregoing memorandum, the defendant's Motion to Dismiss (Docket No. 4) is ALLOWED.

**So ordered.**

---

the complaint that they meant to refer to 5 U.S.C. § 552a(a)(4).

2. The Court, of course, takes no position on whether the facts, as alleged, would state a common law cause of action against Gosler and White.