**Mercedes GOMEZ MARRERO, et al., Plaintiffs,**

v.

**Awilda APONTE ROQUE, et al., Defendants.**

**Civ. No. 86–0367(RLA).**

United States District Court, D. Puerto Rico.

June 30, 1987.

Héctor Urgell Cuebas, Pedro Miranda Corrada, San Juan, Puerto Rico, for plaintiffs.

Alice Net Carlo, Garcia-Rodon, Correa-Marquez & Valderas, Hato Rey, Puerto Rico, for defendants.

**OPINION AND ORDER**

ACOSTA, District Judge.

The present case is an action under 42 U.S.C. §§ 1983 and 1988 seeking damages,

---

injunctive relief, and other remedies. Plaintiffs, former transitory employees with the Commonwealth Department of Education, allege that the defendants removed them from their positions solely because of their political affiliation to the New Progressive Party[1]. Plaintiffs claim defendants thus violated their first and fourteenth amendment constitutional rights.

Before the Court is a motion to dismiss the state law claims and a motion for partial summary judgment based on qualified immunity both filed by defendants. Plaintiffs filed an opposition only to the former and did not reply to the latter. Nonetheless, we need not rule on either motion since we will, *sua sponte,* dismiss the complaint for failure to state a Section 1983 cause of action pursuant to Fed.R.Civ.P. 12(b)(6). In so doing, the Court has carefully reconsidered defendants' motion to dismiss, and plaintiffs' opposition thereto, filed on June 2, 1986 and denied at that time by the Court without opinion. We are also relying on the pretrial order proposed by the parties and approved by the United States Magistrate on April 14, 1987 as well as the pertinent arguments made by defendants in their motion to dismiss the state claims and for summary judgment based on qualified immunity including plaintiffs' reply to the former.

The basis for dismissal is twofold. First, plaintiffs have failed to sufficiently plead any constitutionally protected property interest in the renewal of their transitory employment. Therefore, defendants could not have violated plaintiffs' due process rights when they failed to renew their appointments without a prior hearing. *Cheveras Pacheco v. Rivera González,* 809 F.2d 125, 126–127 (1st Cir.1987).

Second, plaintiffs' first amendment claims that their non-renewals were politically based must be dismissed insofar as plaintiffs have failed to present the "minimum factual setting" necessary to support

such a claim. *Dewey v. University of New Hampshire,* 694 F.2d 1, 3 (1st Cir.1982).

## PROCEDURAL DUE PROCESS

Plaintiffs' procedural due process claim is simple but untenable. They claim that they were discharged without the prior notice or hearing typically required when a state agency deprives an individual of some constitutionally protected property right. The threshold question is whether or not a property interest has been created and, if so, how much process is due considering the type of interest involved. We need not reach the second leg of the analysis since the record clearly shows that plaintiffs do not have a property interest at stake here requiring any more process than what was afforded to them.

Plaintiffs allege in their complaint, and reiterate in motions, that although they were classified as transitory government employees, they had "an expectancy of continued employment". (Complaint, paras. 11 and 13). They had been employed in a transitory capacity for an *average* of three years before their discharges without notice or hearing. (One of the 21 plaintiffs worked as little as ten months whereas two of them were employed in a transitory position for seven years. More than half of the plaintiffs worked for three years or less. *See* Pretrial Order). Plaintiffs thus claim that they should not be considered transitory but career or permanent employees.

Although it is well established that property interests may be created by explicit contractual provisions, implied contracts or officially sanctioned rules of the work place, *Perry v. Sindermann,* 408 U.S. 593, 601–02, 92 S.Ct. 2694, 2699–2700, 33 L.Ed.2d 570 (1972), the same must be effectively plead by plaintiffs and cannot be assumed. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ In the present case, plaintiffs only allege that they expected to be permanently employed. But they do not allege in the

---

1. Defendants, on the other hand, belong to the Popular Democratic Party. One of the fundamental differences between the two parties is that the New Progressive Party advocates statehood while the Democratic Party prefers autonomy under a commonwealth status.

complaint, or argue in the opposition to defendants' motion to dismiss, what *basis* they had for this expectancy that the position was effectively a permanent one and thus not governed by Puerto Rico law providing that a transitory employee "may be removed from service at any time during the term of his appointment". 3 L.P.R.A. § 1336(9) (Supp.1985). They do not describe any promises or representations made by defendants that might give rise to a property interest in employment beyond the expiration date of their appointments. Nor do they point to any official policy in the work place to support their expectations of permanency. Thus the present case is a classic example of an insufficient claim where plaintiffs have asserted only "a mere subjective 'expectancy'" that their jobs would continue indefinitely. Such a bald assertion does not, without more, give them a property interest in their employment. *Cheveras Pacheco, supra,* 809 F.2d at 127.

Therefore, on the thin allegations before us, plaintiffs cannot proceed with their unsupported due process claims and the same shall be dismissed.

## FIRST AMENDMENT CLAIM

The Supreme Court has held that even though an individual lacks a property interest in continued employment, this is "not sufficient to justify a dismissal based solely on an employee's private political beliefs". *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980).

Therefore, we need to consider plaintiffs' first amendment claim that their discharges were politically motivated independently from their due process claims which we have just dismissed. We, of course, accept all the allegations of the complaint as true, *Williams v. City of Boston,* 784 F.2d 430, 433 (1st Cir.1986), and we have given plaintiffs every reasonable inference that can be derived from the record, but even so we cannot breach the dearth of facts in plaintiffs' pleadings to recognize a Section 1983 cause of action.

To establish a Section 1983 cause of action against defendants Aponte and Ca-

ballero, the Secretary of Public Education and the Secretary for Personnel of the Department of Public Education, respectively, plaintiffs must show that these individuals acted under color of state law to deprive them of a constitutionally protected right. *Daniel v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). Although federal complaints are to be interpreted liberally, *see* Fed.R.Civ.P. 8, mere allegations that fail to show defendants personally committed a constitutional tort against plaintiff will not satisfy the Section 1983 requirements. *Williams, supra,* 784 F.2d at 434.

In the present case plaintiffs state no specific actions by these codefendants showing their personal involvement or other significant causal connection to plaintiffs' alleged politically-based discharges. This lack of factual pleading is fatal to plaintiffs' Section 1983 claims. *See Pinto v. Nettleship,* 737 F.2d 130, 132 (1st Cir. 1984); *Dewey v. Univ. of New Hampshire,* 694 F.2d 1 (1st Cir.1982); *cert. denied,* 461 U.S. 944, 103 S.Ct. 2121, 77 L.Ed.2d 1301 (1983).

In *Dewey,* the First Circuit held that:

Although we must ask whether the /§ 1983 claim/put forward in the complaint is capable of being supported by any conceivable facts, we insist that the claim at least set forth minimal facts, not subjective characterization, as to whom did what to whom and why.

Subjective characterizations, and nothing more, are what permeate the present complaint. There, plaintiffs make only two scant and wildly conclusory allegations that their discharges were due solely to their membership in the New Progressive Party while conceding that their positions were transitory.

Paragraph 10 of the complaint reads in part: "Actually defendant's non-renewal of plaintiffs' employments were due solely to the fact that all plaintiffs are members of the New Progressive Party and said non-renewals therefore constitute discrimination against them ...". In paragraph 16, plaintiffs claim that "defendants had full knowl-

edge of all plaintiffs' political affiliations in taking said actions ...". These references can hardly be said to describe any significant *facts* of discrimination. Moreover, as pointed out by defendants in their original motion to dismiss, plaintiffs do not even claim that they were substituted in their positions by members of defendants' political party. (This last would have at least created an inference of political discrimination. *See, e.g., Colón v. CRUV*, 84 JTS 52 (1984)). In fact, plaintiffs did nothing more than reiterate the conclusory statements noted above in their opposition to defendants' motion to dismiss. They also erroneously placed great weight on another allegation in the complaint that plaintiffs "were fully qualified for the positions from which they were separated, and that they had an expectancy of continued employment in said positions". (Plaintiffs' Opposition to Motion to Dismiss filed on July 3, 1986 at pp. 2–3.) The qualifications of plaintiffs are not in issue since as transitory employees they may be removed at any time during their appointment regardless of their abilities to fulfill their employment duties.

In sum, plaintiffs have repeatedly misrelied on subjective characterizations and bald statements in an attempt to impute Section 1983 liability on the defendants. This lack of even the most basic factual pleading regarding politically based discrimination prevents us from understanding "whom did what to whom and why", *Dewey, supra* at 3, and compels us to dismiss the complaint.

## CONCLUSION

In accordance with the above the complaint in the present case is hereby dismissed.

IT IS SO ORDERED.