Marie ELAINE ALOISE, et al., Plaintiffs,

v.

Awilda APONTE ROQUE, et al., Defendants.

Civ. No. 86–0901 (JP).

United States District Court, D. Puerto Rico.

July 15, 1987.

Pedro Miranda Corrada, San Juan, P.R., for plaintiffs.

John F. Nevárez, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendants.

### ORDER

PIERAS, District Judge.

The defendant has filed an eleventh hour motion to dismiss the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that the complaint has failed to state a claim for which relief can be

granted. The complaint was filed on June 12, 1986, over one year ago. This case has had two trial date settings. The defendant filed its answer as well as an amended answer on November 18, 1986, which was accepted by the Court. An Initial Scheduling Conference was held on November 17, 1986, at which counsel attended, exchanged facts and arguments, narrowed issues, agreed to a discovery timetable, and set the schedule by which this case would proceed. The parties also agreed that if a summary judgment motion was contemplated, it would be filed no later than December 15, 1986.

The motion is filed on the date of Pre-trial Conference, with the trial just days away. Largely, the basis of the motion is an opinion and order by a brother judge dismissing sua sponte a similar case on the ground that the complaint failed to state a claim.

In preparation of the Pretrial, counsel privately met to hammer out stipulations of fact, put together each party's factual and legal version of the case, and placed this work into a cohesive document known as the Pre-trial Order.

The defendants principally rely upon *Mercedes Gómez Marrero v. Awilda Aponte Roque, et al.*, 666 F.Supp. 7 (D. Puerto Rico 1987), in which the Honorable Judge Raymond L. Acosta sua sponte dismissed the complaint of 21 former transitory employees of the Department of Education on the ground that the complaint alleged no cause of action for violation of their due process rights under the fourteenth amendment and their right to be free from political discharge under the first amendment. In this case, some 21 former transitory employees of the Department of Education allege the identical cause of action. For the factors set out above, and for further reasons set forth below, this Court finds that plaintiffs have properly pleaded a claim for the relief requested.

The Federal Rules of Civil Procedure were promulgated in 1937 to simplify the intricacies of civil procedure, create a uniformity of civil rules, and provide a modicum of certainty in civil practice to practitioners. The rules reject the old code pleading approach of states, whereby ultimate facts must be and legal conclusions may not be alleged. The Federal rules sought to avoid this mechanical approach and end the unwary trap doors and surprise tactics that were so often the benchmark of a winning case. Instead, the Rules adopted the notice pleading approach, whereby the complainant is to inscribe a "short and plain" statement of the grounds for his claim. Fed.R.Civ.P. 8(a)(2).

Simply put, the defendant is only required to be put on "fair notice" of the plaintiff's claims, and legal conclusions may be pled. The reformers even provided sample forms that may be used. *See* Appendix of Forms, Federal Rules of Civil Procedure.

The discovery process and the discovery rules are an integral part of this fair notice approach. Though a plaintiff may not file a complaint and determine whether he has a valid cause of action during discovery, *see* Rule 11 (complaint must be "well grounded in fact"), discovery informs parties what evidence and witnesses each side has to support their respective contentions, eliminating the element of surprise. Furthermore, under Rule 16, the Court has the opportunity to guide this process from beginning to end.

It is under the spirit of these rules that this Court initiated the Initial Scheduling Conference. *See* Pieras, Jr., *Judicial Economy and Efficiency Through the Initial Scheduling Conference: The Method,* 35 Cath. U.L. Rev. 943 (1986). This Court has always considered itself a party to each case. By bringing together the parties early in the litigation each becomes familiar with the factual circumstances of the case. Requiring the parties to be this fact-specific early in the litigation not only narrows factual and legal controversies, but also clears the speculation each side may have concerning opposing pleadings.

In this case in particular, the parties entered into fact-specific stipulations at the Initial Scheduling Conference regarding the employment status of each employee. Whatever deficiency in the complaint that may have existed was cured by the sharing

of facts and legal contentions to support the allegations. Defendants claim that all plaintiffs, as transitory employees, do not have a property interest under the state law, and hence, not entitled to due process. They forget that property interests are not only created by state law, but also by "mutual explicit understandings" shared between employer and employee as to an expectancy of continued employment. *Perry v. Sindermann*, 408 U.S. 593, 602, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). That evidence may properly be brought at trial.

Similarly, on the first amendment claim, defendants are put on notice of the claim not only during the discovery phase, but by the dearth of political discrimination cases in this court. These cases are not unique to this court, nor are the facts complicated and difficult to uncover. Plaintiffs need only allege a general cause of action for a politically motivated discharge, and who was the offending party. It is the evidence obtained during discovery and that which is produced at trial that will determine whether plaintiffs' claims are meritorious. At this stage of the litigation, defendants have been made abundantly aware whether plaintiffs have a valid cause of action.

Defendants' reliance on the case before Judge Acosta is misplaced. In *Torres López*, though a pre-trial conference was held, it does not appear that the case had ripened to the extent that this case has. The parties and the Court did not have the opportunity to advance the proceedings to the stage where the parties share the necessary familiarity with opposing side's factual contentions. The Initial Scheduling Conference is designed to prevent such situations. This litigation has far exceeded the stage where "inartful pleading" may be an issue.

Accordingly, the Motion to Dismiss is DENIED, and the case will be tried on the merits, as scheduled.

IT IS SO ORDERED.